# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BARBARA D. REYNOLDS,

        Plaintiff,

    -vs-

**Case No. 06-C-292**

LEMAY BUICK-PONTIAC-CADILLAC-GMC, INC.,

        Defendant/
        Third Party Plaintiff,

    -vs-

CACTUS MARKETING, INC.,

        Third Party Defendant.

## DECISION AND ORDER

The plaintiff, Barbara Reynolds ("Reynolds"), has brought a putative class action[1] under the Fair Credit Reporting Act ("FCRA"). Reynolds has moved for a stay of these proceedings pending the Supreme Court's decision in *GEICO Gen. Ins. Co. v. Edo*, 06-100, 127 S.Ct. 36, 165 L.Ed.2d 1014 (Sept. 26, 2006) and *Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 36, 165 L.Ed.2d 1014 (Sept. 26, 2006). The Defendant (LeMay) and the Third-Party Defendant (Cactus) both oppose the stay. Cactus has also moved to quash Reynolds' January

---

[1] Despite being brought as a putative class action, Reynolds has not moved for class certification.

3, 2007 Notice of Deposition, arguing that Reynolds cannot simultaneously move to stay discovery and pursue discovery on her own behalf.

The Supreme Court has granted certiorari in *GEICO/Safeco* to resolve a circuit conflict over the proper standard to be applied in deciding whether conduct is "willful" under the FCRA. Reynolds argues that the case should be stayed in the interest of avoiding potentially unnecessary disputes during the course of discovery. The Scheduling Order which governs this matter allows discovery to continue through April 16, 2007. While the Court appreciates the need to preserve judicial resources, judicial resources are not being taxed during the course of discovery, and the Court will not stay proceedings based on the speculative possibility that a discovery dispute will arise.

Furthermore, the scope of discovery under the federal rules is broad, and discovery requests can be appropriately tailored to encompass either or both of the prevailing standards for "willfulness" as applicable to Reynold's claims. To the extent any other litigation activity takes place, such activity is not likely to take place until the May 17, 2007 dispositive motion deadline.

Finally, the Court notes that Reynolds does not argue that she will be prejudiced if discovery and/or motion practice continues pursuant to the Court's Scheduling Order. Moreover, as argued by LeMay and Cactus, it is possible that the FCRA does not even apply to the instant case, and continued discovery is needed to flesh this issue out. Even if the FCRA does apply, there is no guarantee that the Supreme Court's interpretation of "willfulness" under the FCRA will be a dispositive issue in this case. If the issue of

"willfulness" becomes a dispositive issue prior to the Supreme Court's resolution of the circuit split, a stay of proceedings may be considered appropriate. Until that happens, discovery should continue.

Cactus' motion to quash Reynolds' notice of deposition is rendered moot by the Court's denial of the motion for a stay.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Reynolds' Rule 7.4 Expedited Non-Dispositive Motion to Stay Proceedings [Docket No. 34] is **DENIED**; and

2. Cactus' Rule 7.4 Expedited Non-Dispositive Motion to Quash Reynolds' Notice of Deposition [Docket No. 47] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2007.

SO ORDERED,

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**