# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BARBARA D. REYNOLDS,**

        **Plaintiff,**

v.                                                                                                          **Case No. 06-C-292**

**LEMAY BUICK-PONTIAC-CADILLAC-GMC, Inc.,**

        **Defendant/Third-Party Plaintiff,**

v.

**CACTUS MARKETING, Inc.,**

        **Third-Party Defendant.**

## DECISION AND ORDER

Barbara Reynolds ("Reynolds") filed this action against Lemay Buick-Pontiac-Cadillac-GMC, Inc. ("Lemay") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). Subsequently, Lemay filed a third-party complaint against Cactus Marketing, Inc. ("Cactus"). Lemay's central claim is that Cactus is in breach of contract because it prepared and mailed a direct mail piece on Lemay's behalf that fails to comply with the FCRA.[1] Cactus has moved to dismiss the third-party complaint. For the reasons that follow, Cactus' motion is granted.

The contract at issue is a one-page document with five paragraphs of text. (Affidavit of Amy Wochos, Exhibit A, Docket No. 43-2). It is a promotion contract wherein Cactus agreed

---

[1] The Court has supplemental jurisdiction over Lemay's claims against Cactus because they form part of the same case or controversy as the FCRA claims alleged by Reynolds against Lemay, over which the Court has original jurisdiction. *See* 28 U.S.C. § 1367(a).

to mail 10,000 pieces via First Class Mail in February 2005. The contract "constitutes the entire agreement between the parties" and is "governed by the laws of the State of Arizona." (*Id.*, ¶ 1). The contract further provides that "[Cactus] is not responsible for any legal matters that may arise directly or indirectly from the direct mail piece." (*Id.*, ¶ 5).

The contract was not attached to the Third Party Complaint. However, attaching the contract does not convert Cactus' motion into one for summary judgment. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

Cactus argues that Lemay's claims fail as a matter of law because of the exculpatory clause in the contract. In the language of the contract, Lemay's third party complaint is a "legal matter[]" that "arise[s] directly . . . from the direct mail piece." Lemay argues that the exculpatory clause is void as a matter of public policy. However, Lemay affirmatively alleged in its pleadings that the contract is valid and enforceable. (Third Party Complaint, ¶ 22, Docket No. 20). Lemay cannot pick and choose which portions of the contract are binding and which are not. Lemay's affirmative allegation is conclusive and binding. *See, e.g., Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995) ("Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal").

Even without the judicial admission, the exculpatory clause is valid under either Arizona or Wisconsin law.[2] The cases cited by Lemay in support of its public policy argument generally involve a situation where the contracting parties had unequal bargaining power. *See, e.g., Mettler ex rel. Burnett v. Nellis*, 280 Wis. 2d 753, 757, 695 N.W.2d 861 (Ct. App. 2005) (riding student signed six pages of releases prepared by her riding instructor); *Atkins v. Swimfest Family Fitness Center*, 277 Wis. 2d 303, 309, 691 N.W.2d 334 (2005) (non-member of fitness club had to sign a combined "guest registration" and "waiver release agreement" before she could use the pool as part of her physical therapy and rehabilitation program).

Conversely, both Lemay and Cactus are commercial parties who had equal opportunity to influence the terms of the contract. Moreover, the contract is only one page long, so the exculpatory language was not buried in fine print or hidden on the back of a page. Accordingly, the exculpatory clause is valid and binding. *See, e.g., Rainbow County Rentals and Retail, Inc. v. Ameritech Publishing, Inc.*, 286 Wis. 2d 170, 192, 706 N.W.2d 95 (2005) (noting the validity of exculpatory clauses which involve "one business entity agreeing to limit the maximum financial recovery for a potential mistake of the other business entity"); *Salt River Project Agricultural Improvement and Power Dist. v. Westinghouse Electric Corp.*, 694 P.2d 198, 213 (Ariz. 1984) ("courts are most willing to give effect to contractual limitations on liability where parties are on an 'equal footing.' On the assumption that sound business reasons are present for placing the limitation of liability in the contract, courts take the most relaxed view when the

---

[2] Accordingly, the Court need not decide which law governs Lemay's Third Party Complaint against Cactus.

parties are business entities") (abrogated on other grounds by *Phelps v. Firebird Raceway, Inc.*, 111 P.2d 1003 (Ariz. 2005)).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Cactus' motion to dismiss [Docket No. 41] Lemay's Third-Party Complaint [Docket No. 20] is **GRANTED**; and

2. Cactus is **DISMISSED** from this action with prejudice. The Clerk of Court is directed to amend the caption accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2007.

        **SO ORDERED,**

        **s/Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**